In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-2635

EN GAO,

*Petitioner*,

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A094-824-782

ARGUED MARCH 6, 2013—DECIDED JULY 12, 2013

Before MANION, WOOD, and SYKES, *Circuit Judges.*

WOOD, *Circuit Judge.* En Gao, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals denying his motion to reopen. Gao originally applied for asylum and withholding of removal, alleging that he feared persecution because his wife had been sterilized under China's "family-planning" policy. After an immigration judge (IJ) denied his ap-

plication and the Board denied his appeal, Gao moved to reopen on the ground that he had in the intervening time converted to Christianity and would be persecuted if he was sent back to China. The Board denied this motion, concluding that Gao had not established the changed country conditions necessary to excuse his untimely filing. We conclude that the Board's decision is supported by substantial evidence and thus deny the petition for review.

# I

Gao, like many others we have seen, hails from Fujian Province, which is in southeastern China. He entered the United States without inspection in 2005 with the goal of earning money to send home to his family, who remained in China. Shortly after he arrived in the United States, Gao's wife (back in China) gave birth to the couple's second child—a daughter—and was sterilized. Gao then sought asylum on the ground that his wife's sterilization amounted to persecution of him. Holding that Gao had not personally suffered any harm in China, the IJ denied his petition for asylum and ordered him removed to China. The Board dismissed his appeal, citing its rule that spouses of persons subjected to forced sterilization no longer qualify automatically for asylum.

One day after the applicable 90-day deadline, Gao moved to reopen the proceedings to amend his asylum application to add a claim that he feared that he would be subjected to religious persecution if he was re-

turned to China. He recounted that his anxiety over his impending removal had led him to seek solace in the Christian Bible; as a result, he now expected to face arrest, detention, and beating upon his return. The authorities in Fujian Province would know that he was Christian because he planned to attend church services there. Gao acknowledged that his motion was untimely, but he maintained that his religious conversion, coupled with evidence that persecution of Christians in China is on the rise, established changed conditions sufficient to excuse his late filing. In support of this motion, Gao submitted numerous articles and reports relating to the persecution of Christians in China; he also furnished an affidavit from a Mr. Chen (supposedly a relative), who stated that he had been detained and beaten for attending an underground Christian church in Fujian Province.

The Board denied Gao's motion to reopen for failure to demonstrate the changed country conditions required to excuse his one-day-late filing. See 8 U.S.C. § 1229a(c)(7)(C)(i), (ii). It concluded that Gao's decision to convert to Christianity reflected a change in his personal circumstances and thus in itself did not show changed circumstances in China. In addition, the Board noted that the articles and reports that Gao had submitted in support of his motion showed that repression of Christians in China has been going on for years. Finally, it found that Gao had failed to show that any governmental authorities even knew of his recent conversion.

**II**

Before this court, Gao urges that Chen's account and a 2010 report on religious freedom from the Department of State suffice, taken together, to demonstrate that country conditions in China have changed sufficiently to excuse his untimely motion to reopen. Evidence at the time of his hearing showed that there was some persecution of Christians even then, but, he argues, his new evidence shows that conditions have worsened.

The Board reasonably decided, however, that the exception to the time limit for a motion to reopen is available only if the proffered evidence of changed conditions is material and "was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); see *Zheng v. Holder*, 701 F.3d 237, 240 (7th Cir. 2012). Even though some of the reports and articles Gao presented in his motion to reopen support his claim that persecution of Chinese Christians has worsened in recent years, most of these materials were published well before Gao's 2010 hearing. Indeed, the information relating to persecution of Christians presented in the Department of State's report does not differ significantly from many of the other articles Gao submitted.

Gao also suggests generally that the Board failed to consider all of his evidence when it denied his motion to reopen. But he makes this assertion without elaboration, argument, or citation to the record; that is not enough to preserve the point for review. See *Wang v. Gonzales*, 445 F.3d 993, 999 (7th Cir. 2006). As far as we can tell, the

argument is meritless in any event: the Board appears to have addressed all of Gao's evidence. It explained that the evidence predated his hearing, undercut his claim that conditions have changed, and related to provinces other than Fujian.

The Board also thought that Gao's religious conversion represented only a change in his personal circumstances, based on his actions in the United States, and that it therefore does not qualify him for relief from the filing deadline for motions to reopen. See 8 U.S.C. § 1229a(c)(7)(C)(i); *Liang v. Holder,* 626 F.3d 983, 988 (7th Cir. 2010). But we think that in this respect the Board misunderstood Gao's argument. Although his conversion to Christianity (the genuineness of which no one has challenged) occurred in the United States, Gao is arguing that circumstances for Christians *in China* have appreciably deteriorated over the years since he has been here. The right to choose one's religion is part of the religious freedom that is recognized in the United States. See *Cantwell v. Connecticut,* 310 U.S. 296, 303 (1940) ("Freedom of conscience and freedom to adhere to such religious organization or form of worship as the individual may choose cannot be restricted by law."). The same is true at the global level. See, *e.g.,* International Covenant on Civil and Political Rights, Art. 18 (providing that the right to freedom of "thought, conscience and religion" . . . "shall include freedom to have or to adopt a religion or belief of [the person's] choice"), http://www.ohchr.org/EN/ProfessionalInterest/Pages/CCPR.aspx (last visited July 9, 2013). The fact that Gao did not become a Christian until he reached the United

States means that on the merits, he could not show past persecution on that ground, but it would not prevent him from showing changed conditions in China since the time he left with respect to the treatment of Christians, nor would it prevent him from showing a well-founded fear of future persecution. This does not help Gao, of course, because the Board rejected his effort to satisfy his threshold burden to prove changed country conditions.

The petition for review is DENIED.