FILED
United States Court of Appeals
Tenth Circuit

January 11, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SHEKHROZ MUKUMOV,

     Petitioner,

v.

JEFFREY ROSEN, Acting United States
Attorney General,[1]

     Respondent.

No. 20-9517
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.
_____

Shekhroz Mukumov, a native and citizen of Uzbekistan, petitions for review of

an order by the Board of Immigration Appeals (BIA) denying his second motion to

reopen his asylum proceedings. We have jurisdiction under 8 U.S.C. § 1252 and

deny Mr. Mukumov's petition. The BIA did not abuse its discretion in determining

---

[1] On December 24, 2020, Jeffrey Rosen became Acting Attorney General of
the United States. Consequently, his name has been substituted for William P. Barr
as Respondent. *See* Fed. R. App. P. 43(c)(2).

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

that he failed to submit material evidence of changed country conditions in Uzbekistan that warranted reopening. And the changed personal circumstances he alleged cannot support his untimely second motion to reopen after a final order of removal.

## I. BACKGROUND

In our prior decision in this case we detailed the facts surrounding Mr. Mukumov's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). *See Mukumov v. Barr*, 781 F. App'x 762, 764-65 (10th Cir. 2019). Without repeating those background facts, we describe the additional facts necessary to resolve the current petition.

After the BIA affirmed the denial of Mr. Mukumov's asylum application, he filed two motions to reopen the proceedings. In the first motion, he asserted "new and changed circumstances" in Uzbekistan. Admin. R., Vol. 1 at 211. These new circumstances consisted of the Uzbek authorities' discovery of his presence in the United States, their anticipated discovery that he had applied for asylum, and their knowledge that he attended church in the United States. Mr. Mukumov thus alleged a threat of harm based on his asylum-seeking and religious practice. This differed from the claim raised in his initial asylum application, which alleged persecution by his former employer, who owned a construction company in Uzbekistan, based on membership in his family and his political opinions.

The BIA denied for several reasons the first motion to reopen, which was filed in December 2018. Mr. Mukumov had failed to submit a new asylum application, as

2

the regulations required. Almost all the evidence was previously available and could have been presented to the immigration judge (IJ). Mr. Mukumov's church attendance did not make him prima facie eligible for asylum or related relief; he failed to show "that he has actually converted, that he has been baptized, that he has actually joined the church, or that he intends to convert to Christianity." *Id.* at 193. He presented insufficient evidence to show that the Uzbekistan government was aware that he requested asylum, or that he had a well-founded fear of persecution based on having sought asylum in the United States. Finally, evidence of his mother's brief encounter with a police officer, though previously unavailable, was insufficient to satisfy the requirements of reopening.

Mr. Mukumov did not petition for review of the denial. Instead, in September 2019 he filed a second motion to reopen, again asserting changed circumstances. He cited his conversion to Christianity, his baptism, and the Uzbek authorities' discovery of his church attendance. He also claimed that upon his return to Uzbekistan the authorities would discover his application for asylum. All these facts, he alleged, placed him in immediate danger because Uzbekistan persecutes known asylum seekers and Muslim converts to Christianity.

The BIA denied the second motion to reopen. It noted that a motion to reopen must be filed no more than 90 days after the date of the final order of removal, and only one such motion may be filed. These limitations do not apply if the motion is based on material, previously unavailable evidence and "the basis of the motion is to apply or reapply for asylum or withholding of removal based on changed country

3

conditions or changed circumstances arising in the country of nationality." *Id.* at 3. But the BIA concluded Mr. Mukumov had not submitted material evidence of changed country conditions in Uzbekistan warranting reopening that could circumvent the statutory restrictions on timeliness and number of motions to reopen. Rather, his asserted conversion to Christianity represented only a change in his personal circumstances. In addition, the BIA concluded that much of the new evidence he submitted could have been presented at his former hearing or with his first motion to reopen and his evidence did not reflect a change in the treatment of asylum seekers or Muslim converts to Christianity. Finally, the BIA noted that Mr. Mukumov had again failed to submit a required new asylum application with his motion.

## II. DISCUSSION

"We review the BIA's decision on a motion to reopen only for an abuse of discretion. The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004) (brackets and internal quotation marks omitted).

A noncitizen is ordinarily limited to one motion to reopen, which must be filed within 90 days of the final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i). But this time restriction does not apply "if the basis of the motion is to apply for [asylum or withholding-of-removal] relief . . . and is based on changed country

4

conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." *Id.* § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii) (time and numerical limitations do not apply if there is new, material evidence of changed country conditions).

Thus, to reopen his proceedings Mr. Mukumov was required to produce material evidence that was not available at the time of the previous proceeding and that demonstrated changed conditions in Uzbekistan at the time of his September 2019 motion to reopen.[2]  Most of his evidence concerning persecution of Muslim converts to Christianity in Uzbekistan or the maltreatement of asylees predates his hearing date.  But he argues that the evidence was previously "unavailable" because it did not become relevant and therefore material to his case until he converted to Christianity in August 2019.

In any event, Mr. Mukumov must also still show that the new evidence establishes qualifying changed country conditions in Uzbekistan.  He contends that he satisfied this requirement through evidence of his conversion to Christianity and application for asylum, both of which have now become known or will become known to authorities in Uzbekistan.  But this evidence concerns an alleged change in

---

[2]  We need not decide whether Mr. Mukumov was required to show a material change in country conditions since the denial of his prior motion to reopen.  *See Xiu Mei Wei v. Mukasey*, 545 F.3d 1248, 1254 (10th Cir. 2008) (declining to determine whether comparison date was original hearing date or date prior motion was decided).  He has failed to establish the required change from either earlier date.

his personal circumstances, not changed country conditions. And such "changed personal circumstances cannot support an untimely motion to reopen after a final order of removal." *Xiu Mei Wei v. Mukasey*, 545 F.3d 1248, 1249 (10th Cir. 2008).

Mr. Mukumov urges us to follow authority from other circuits holding that a change in personal circumstances can warrant reopening. But the cases he cites concern alleged changes in the noncitizen's personal circumstances that were *related to alleged changes in country conditions*. *See Chandra v. Holder*, 751 F.3d 1034, 1035, 1037 (9th Cir. 2014) (noting, in case where noncitizen converted to Christianity *and* persecution of Christians in Indonesia had also worsened since his previous hearing, that although the applicable regulation "would prohibit a motion to reopen that relies *solely* on a change in personal circumstances, it does not prohibit a motion to reopen based on evidence of changed country conditions that are relevant in light of the petitioner's changed circumstances"); *Shu Han Liu v. Holder*, 718 F.3d 706, 709 (7th Cir. 2013) (petitioner's conversion to Christianity "was a change in her personal circumstances, true; but the change would not have exposed her to as great a risk of persecution in China had it not been for the change in conditions in that country"); *En Gao v. Holder*, 721 F.3d 893, 895 (7th Cir. 2013) (petitioner who converted to Christianity after he reached the United States could seek reopening based on "changed conditions in China since the time he left with respect to the treatment of Christians"); *Yu Yun Zhang v. Holder*, 702 F.3d 878, 880 (6th Cir. 2012) (same); *Xue Xian Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1258 (11th Cir. 2009)

6

(BIA abused its discretion in concluding petitioner had not established changed country circumstances in addition to a personal change in circumstances).

Mr. Mukumov's circumstances are different. He does not cite evidence that persecution of converts to Christianity or asylum-seekers has intensified in Uzbekistan. Although his conversion to Christianity and the authorities' discovery of his asylum application may be relevant to his asylum claim, they do not establish a qualifying change in country conditions.[3] The BIA therefore did not abuse its discretion in denying his untimely second motion to reopen.[4]

## III. CONCLUSION

For the foregoing reasons, we deny the petition for review.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[3] Mr. Mukumov also asserts that the BIA "failed to meaningfully discuss the voluminous evidence [he] presented," that it "failed to accept those facts as true," and that it "failed to meaningfully determine whether [his] alleged facts constituted evidence of changed country conditions as a matter of law." Pet. Opening Br. at 13. But the BIA did explain why the evidence he submitted did not show a material change in the conditions in Uzbekistan during the relevant period. *See* R., Vol. 1 at 2. Mr. Mukumov's conclusory arguments to the contrary fail to show an abuse of discretion.

[4] Given our denial of Mr. Mukumov's petition on this basis, we find it unnecessary to determine the other issues he raises: whether the BIA also properly denied the motion to reopen based on his failure to attach a new asylum application, and whether the BIA properly determined the merits of his CAT claim. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

7